IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-41,082-04






EX PARTE LEROY W. SMITH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2011-CR-9630 IN THE 437TH DISTRICT COURT


FROM BEXAR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to possession of a
controlled substance, and was sentenced to three years' imprisonment. He did not appeal his
conviction. 

 Applicant contends that his plea was involuntary because he received erroneous advice from
counsel regarding the validity of the enhancement allegations. Applicant was charged by indictment
with a state jail felony offense, enhanced by prior sequential felony convictions to second degree
felony punishment range, under Section 12.425(b) of the Texas Penal Code. However, at the time
he committed the primary offense, the second sequential felony conviction alleged as an
enhancement was not a "final" conviction for enhancement purposes, because it was pending on
appeal. Although the appellate mandate in the prior case had issued at the time of Applicant's plea
in the primary case, at the time he committed the primary offense, the prior conviction was not final.
The record does not show whether Applicant had another prior felony conviction which could have
been alleged in place of the non-final conviction. 

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant had any additional prior
felony convictions which could have been used in place of Cause No. 2009CR1615 to enhance his
state jail felony conviction to second degree punishment range. If Applicant did have any such
conviction(s), the trial court shall supplement the habeas record with copies of the relevant
judgment(s) or other documentation of the offense(s). The trial court shall make findings of fact and
conclusions of law in regard to Applicant's claim that his plea was involuntary. The trial court shall
also make any other findings of fact and conclusions of law that it deems relevant and appropriate
to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: October 31, 2012

Do not publish